[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction and Factual Background
The present case involves a claim by the plaintiff against his insurance company for uninsured motor vehicle benefits. On December 14, 1991, at approximately 12:41 a.m., the plaintiff, John C. Lukman, Jr., was driving his automobile in an easterly direction on Route 372 in Cromwell, Connecticut. At this same time, the defendant Kenneth Lee was driving an automobile in a westerly direction on Route 372. According to the complaint, a third unidentified vehicle cut directly in front of and in the path of the Lee vehicle. In an attempt to avoid a collision with this third vehicle, the defendant Lee lost control of his vehicle upon the wet pavement and crossed over into the eastbound lane colliding with Lukman's vehicle. The first count of the complaint alleges that the collision and the plaintiff's injuries were caused by the negligence of CT Page 7409 the unidentified operator of the third vehicle. The second count alleges that the accident was caused by the negligence of defendant Lee.
The plaintiff alleges that the accident occurred while his automobile insurance policy with Lumbermens Mutual was in full force and effect. The plaintiff claims in count one that he is entitled to uninsured motorist benefits under the policy, but Lumbermens has failed and refused to pay him these benefits.
The defendant Lumbermens Mutual has moved to strike count one of the complaint on the grounds that the plaintiff has failed to allege that he has exhausted the policy of one of the tortfeasors.
 II.
Discussion
The Regulations of Connecticut state Agencies 38-175a-6(a) provides in pertinent part that the "insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover from the owner or operator of an uninsured [or underinsured] motor vehicle." See, General Accident Insurance Co. v. Wheeler, 221 Conn. 206,211 (1992) (emphasis in original).
General Statutes 38a-336(b) and (d) obligates insurance companies to pay the underinsured motorist coverage "after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted." Wheeler, supra, 209. Under the provisions of 38a-336(b) and (d), "the insured need only exhaust the `liability bond or insurance policies' of one tortfeasor in order for the insured to be eligible to pursue underinsured benefits." Id. at 214.
Our Supreme Court has declared that there is "no viable distinction between identified and unidentified uninsured tortfeasors." Streitweiser v. Middlesex Mutual Assurance Co.,219 Conn. 371, 379 (1991). The Streitweiser decision expresses the view that under General Statutes 38-175c [now38a-336] "it does not matter whether the tortfeasor is a known person who is uninsured or underinsured or an unidentified CT Page 7410 motorist whose insurance coverage, if any, is functionally unavailable." Id. at 380. The accident in the instant case was allegedly caused by an unidentified motorist. By alleging that one of the tortfeasors is unidentifiable, the plaintiff has implicitly stated that the insurance coverage of this tortfeasor is functionally unavailable to the plaintiff. Therefore, the plaintiff has, in effect, exhausted coverage of one of the tortfeasors and may pursue the uninsured motorist coverage under his policy.
Accordingly, the motion to strike is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT